## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| VALUE PLACE FRANCHISE<br>SERVICES, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>HUGH BLACK-ST. MARY<br>ENTERPRISES, INC., ET AL.,<br><br>            Defendants. | Case No. 14-1152-DDC-KGS |

### MEMORANDUM AND ORDER

On December 17, 2014, Judge K. Gary Sebelius entered an order directing plaintiff to show cause why the Court should not dismiss its Complaint against John Blomfeld[1] for failing to serve him and its Complaint against Shelby Weaver for failing to prosecute its action against her. This matter comes before the Court on plaintiff's Response to the Order to Show Cause (Doc. 12). For the reasons set forth below, the Court finds that plaintiff has shown good cause why the Court should not dismiss its Complaint against defendants Blomfeld and Weaver.

### I.       Background

Plaintiff filed its Complaint in this case on May 28, 2014 (Doc. 1). The Court granted plaintiff an extension of time up to and including November 24, 2014, to serve defendants (Doc. 7). Plaintiff did not serve defendant John Blomfeld by this deadline.

Plaintiff did serve defendants Hugh Black-St. Mary's Enterprises, Inc. and Weaver on November 17, 2014 (Doc. 8). On December 12, 2014, plaintiff filed its Suggestion of

---

[1] Although his name is spelled "Blomfield" in the caption and Complaint in this case, defendant Blomfeld states in his Answer that the correct spelling of his last name is "Blomfeld" (Doc. 11 at 1). Based on this representation, the Court uses the "Blomfeld" spelling in this Order.

Bankruptcy (Doc. 9), explaining that defendant Hugh Black-St. Mary's Enterprises, Inc. had filed a Chapter 11 petition in the Bankruptcy Court for the Northern District of Texas on October 7, 2014.  Defendant Weaver's Answer was due on December 8, 2014, but Weaver failed to file an Answer by that deadline.  However, both defendants Blomfeld and Weaver filed an Answer to the Complaint pro se on December 22, 2014 (Doc. 11), albeit 14 days after defendant Weaver's deadline for answering the Complaint had expired.

**II.      Response to Show Cause Order**

As stated above, Judge Sebelius, on December 17, 2014, issued an Order to Show Cause (Doc. 10), ordering plaintiff to show good cause why:  (1) the Court should not dismiss the Complaint against defendant Blomfeld for failing to obtain service; and (2) the Court should not dismiss the Complaint against defendant Weaver for failing to prosecute under Fed. R. Civ. P. 41(b) because plaintiff had failed to take action against defendant Weaver after Weaver failed to file an Answer by the December 8, 2014 deadline.

On December 30, 2014, plaintiff filed a Response to the Order to Show Cause (Doc. 12), arguing that it had shown good cause for why the Court should not dismiss the action against defendants Blomfeld and Weaver.  In that response, plaintiff explains that it attempted to serve defendant Blomfeld at two different addresses known to plaintiff or available through public sources.  One of the addresses did not exist, and the house at the other address was vacant.  The process server could not find defendant Blomfeld and therefore could not serve him with this lawsuit.

Plaintiff also explains that defendant Weaver called plaintiff's counsel on December 8, 2014 (the day her Answer was due) and reported that she and defendant Blomfeld would file their Answers, pro se.  Defendant Weaver also requested a copy of the process server's email to

plaintiff's counsel stating the date and time of service on defendant Weaver.  Plaintiff's counsel forwarded this email to defendant Weaver per her request.

On December 16, 2014, defendants Blomfeld and Weaver faxed their Answer to plaintiff's counsel.  On December 17, 2014, defendants Blomfeld and Weaver mailed their Answer to the Clerk of the Court (Doc. 11-1), which the Clerk of the Court received and filed on December 22, 2014 (Docs. 11, 11-1).

Plaintiff argues that there is good cause for failing to serve defendant Blomfeld because the process server could not find him at any of the addresses known to plaintiff or available from public sources.  Plaintiff also asserts that Blomfeld voluntarily has entered his appearance in this case by filing an Answer, and, therefore, the Court should not dismiss him from this action. Otherwise, plaintiff argues it is contrary to the efficient administration of justice to dismiss Blomfeld without prejudice from the action now, only to require plaintiff to file a motion to add him as a party to lawsuit already naming him as a defendant.

Plaintiff also argues that there is good cause for not seeking a default judgment against defendant Weaver after she failed to file an Answer timely.  As explained above, defendant Weaver contacted plaintiff's counsel on the day her Answer was due and represented that she and defendant Blomfeld would be filing their Answers pro se.  Based on defendant Weaver's representations that she would appear and answer the lawsuit, plaintiff did not take steps to obtain a default judgment against her.

Plaintiff also explains in its response that, in October 2014, it entered into an agreement with the receiver of the property at issue in this lawsuit, which is located in Las Vegas, Nevada. The receiver agreed to operate the property as a Value Place property, and, with plaintiff's consent, the receiver has used Value Place intellectual property to identify the property as a

Value Place property.  Plaintiff states that because of this agreement, it currently has no need for the preliminary injunctive relief it requested in this lawsuit.  *See* Plaintiff's Motion for Issuance of Preliminary Injunction and Other Equitable Relief (Doc. 4).  Based on plaintiff's representations and these changed circumstances, the Court denies plaintiff's Motion for Issuance of Preliminary Injunction and Other Equitable Relief (Doc. 4) as moot.

Plaintiff also describes a proposed settlement agreement that certain parties have submitted to the bankruptcy court for approval in defendant Hugh Black-St. Mary's Enterprises, Inc.'s Chapter 11 bankruptcy proceeding, as well as negotiations about a proposed asset sale/purchase of the subject property that would convey the property (and presumably the right to use plaintiff's intellectual property).  Plaintiff asserts that while the settlement agreement in the bankruptcy proceeding and the proposed asset sale/purchase agreement may resolve some claims asserted in the lawsuit, they do not affect the amounts plaintiff claims defendants Blomfeld and Weaver owe to plaintiff.  Thus, plaintiff contends that the remaining issues in this action include: (1) its claim against defendants Blomfeld and Weaver for liquidated damages in excess of $240,000 (Doc. 1 at ¶ 32), and (2) its claim against defendants Blomfeld and Weaver for damages, costs, and expenses, including reasonable attorneys' fees (Doc. 1 at ¶¶ 35–36).

### III.  Analysis

#### A.  Failure to Obtain Service on Defendant Blomfeld

Fed. R. Civ. P. 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  *But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.*

(emphasis added).

4

The Tenth Circuit has established a two-step inquiry for evaluating a plaintiff's failure to effect service timely under Rule 4(m). *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). First, the Court must determine whether plaintiff has shown good cause for failing to obtain service—if so, then a plaintiff is entitled to an extension of time to perfect service. *Id.* Second, if plaintiff fails to show good cause, the Court must still decide whether a permissive extension of time is warranted, or whether the Court should dismiss the case without prejudice. *Id.*

Plaintiff bears the burden of showing good cause for failing to obtain service. *See* Fed. R. Civ. P. 4(m) ("But if the plaintiff shows good cause for the failure . . . ."); *see also Riddle v. Wichita Pub. Sch., Unified, Sch. Dist. No. 259*, No. Civ.A.04-1400-MLB, 2005 WL 1563444, at *4 (D. Kan. June 30, 2005). To establish "good cause," a plaintiff must make a showing greater than "excusable neglect." *Arey v. Progressive Halcyon Ins. Corp.*, No. 05-2553-JWL, 2007 WL 1018798, at *2 (D. Kan. Apr. 3, 2007) (citing *In re Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996)). "Simple inadvertence or ignorance of the rules does not suffice." *Id.* (citing *Kirkland*, 86 F.3d at 174) (further citations omitted).

Here, plaintiff argues that good cause exists to excuse its failure to obtain service on defendant Blomfeld because the process server could not find him at any of the addresses known to plaintiff or those available from public sources of information. While this explanation may constitute good cause for failing to obtain service, the Court need not decide that issue because it finds that even if plaintiff's attempts to make timely service do not amount to good cause, a permissive extension of time is warranted. "In determining whether to grant a permissive extension, several factors are appropriate to consider, including whether defendant was on notice of the lawsuit, whether defendant has been prejudiced by delay of service, and whether the

applicable statute of limitations would bar the refiling of the action." *Blackmon v. U.S.D. 259 Sch. Dist.*, 769 F. Supp. 2d 1267, 1275 (D. Kan. 2011) (citing *Mehus v. Emporia State Univ.*, 295 F. Supp. 2d 1258, 1273–74 (D. Kan. 2004)).  Here, defendant Blomfeld had notice of the lawsuit as demonstrated by his filing of an Answer voluntarily, and there is no evidence that the delay of service has prejudiced him.  Under these circumstances, the Court should allow plaintiff a permissive extension of time to effect service on defendant Blomfeld.  *See Chambers v. Fike*, No. 13-1410-RDR, 2014 WL 1806704, at *3 (D. Kan. May 7, 2014) (granting permissive extension of time to make service where no evidence exists that the delay prejudiced defendant or seriously disrupted the proceedings, plaintiff appeared to have acted in good faith, and the statute of limitations would bar any refiled action against defendant if the Court dismissed the case); *see also Hagan v. Credit Union of Am.*, No. 11-1131-JTM, 2011 WL 6739595, at *3 (D. Kan. Dec. 22, 2011) (granting permissive extension to time to effect service where defendants had notice of the lawsuit, and there was no evidence that the delay had prejudiced either defendant).

However, based on the current procedural posture of the case, plaintiff need not serve defendant Blomfeld because he has since waived service by voluntarily appearing in this lawsuit. On December 22, 2014, defendant Blomfeld filed an Answer pro se (Doc. 11) in which he asserts a general denial to the allegations in the lawsuit but makes no argument that service was insufficient.  Defendant Blomfeld's voluntary appearance in this lawsuit amounts to proper service of process.  *See Jenkins v. City of Topeka*, 136 F.3d 1274, 1276 (10th Cir. 1998); *see also* K.S.A. § 60–303(e) ("The voluntary appearance by a party is equivalent to service on the date of appearance"; therefore, service under K.S.A. § 60–303(e) satisfies Fed. R. Civ. P. 4(e)(1)'s requirement that service upon an individual may be made by following state law for serving a

6

summons in an action brought in courts of general jurisdiction in the state where the district is located or where service is made).

Under these circumstances, the Court will not dismiss defendant Blomfeld from this lawsuit because plaintiff is entitled to a permissive extension of time to make service, and defendant Blomfeld has since appeared voluntarily in this action, thereby rendering formal service unnecessary.

### B.  Failure to Prosecute Defendant Weaver

Under Fed. R. Civ. P. 41(b) and D. Kan. Rule 41.1, the Court may dismiss an action where a party fails to prosecute or comply with the Court's orders and rules.  In this case, plaintiff served defendant Weaver with the Complaint on November 17, 2014.  Defendant Weaver's answer was due on December 8, 2014, but she failed to file a responsive pleading on or before that date.  By December 17, 2014, plaintiff had not taken any action against defendant Weaver, although she had failed to answer timely.  Judge Sebelius therefore ordered plaintiff to show cause why the Court should not dismiss plaintiff's Complaint against defendant Weaver for failure to prosecute.

As described above, plaintiff explains that defendant Weaver contacted plaintiff's counsel on December 8, 2014, the day that her answer was due.  During that conversation, defendant Weaver stated that she and defendant Blomfeld would file their Answers pro se. Based on this representation, plaintiff quite properly did not take steps to seek a default judgment against defendant Weaver.  And, indeed, defendants Blomfeld and Weaver filed an Answer pro se with the Court on December 22, 2014.  Under these facts, the Court finds that plaintiff is actively prosecuting its case against defendant Weaver and has shown good cause why the Court should not dismiss its Complaint against defendant Weaver for failure to prosecute.

7

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff has shown good cause why the Court should not dismiss its Complaint against John Blomfeld for failing to obtain service and should not dismiss its Complaint against Shelby Weaver for failing to prosecute.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Issuance of Preliminary Injunction and Other Equitable Relief (Doc. 4) is denied as moot.

**IT IS SO ORDERED.**

**Dated this 16th day of January, 2015, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**